NOT DESIGNATED FOR PUBLICATION

No. 121,052

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JEREMY D. DAVIS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed December 20, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM: Jeremy D. Davis appeals the district court's decision revoking his probation and ordering him to serve his original sentence. We granted Davis' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded and asks that we affirm the district court's judgment.

On October 9, 2012, Davis pled guilty to possession of marijuana and driving under the influence. On January 15, 2013, the district court sentenced Davis to concurrent 90-day jail terms on each count and placed him on probation for 1 year.

The district court later issued two bench warrants alleging that Davis had violated the conditions of his probation by committing new crimes, including the crimes of

1

trafficking illegal drugs and conspiracy in Kay County, Oklahoma. The warrants remained outstanding while Davis served a prison sentence in Oklahoma.

On July 17, 2018, Davis stipulated to violating the conditions of his Kansas probation by committing the new crimes in Oklahoma. Davis argued that his probation should be reinstated, and he provided the district court with evidence of classes he had taken while in prison in Oklahoma and the lack of a disciplinary record while he was in custody. But the district court revoked Davis' probation and ordered him to serve his original sentence. Davis timely appealed.

On appeal, Davis argues that the district court "abused its discretion in ordering him to serve the underlying sentence instead of reinstating probation." But Davis concedes that when it is shown that a defendant has violated the conditions of probation, the decision to revoke probation is within the district court's sound discretion.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

As Davis conceded at his hearing, the district court did not have to impose an intermediate sanction here because he committed new crimes while on probation. See

K.S.A. 2018 Supp. 22-3716(c)(8)(A). In denying Davis' request to be reinstated to probation, the district court recognized that Davis completed classes that were beneficial to him while he was in prison in Oklahoma. Still, the district court stated:

> "Okay. Thank you. Well, I'm impressed with all the courses and classes you've completed, I mean, that is great, that stuff is nothing but beneficial to you and it's very encouraging. The thing we're up against is the fact that have you a new offense while you were on probation, I mean, that's the big stumbling block."

The most important condition of Davis' probation was that he not violate the law, but he failed to satisfy that condition. The district court's decision to revoke Davis' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Davis has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original sentence.

Affirmed.